# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE WALKER, ) | |
| ) | No. 13 C 4216 |
| Plaintiff, ) | |
| ) | Judge Sara L. Ellis |
| v. ) | |
| ) | |
| JOSEPH CONSIDINE, STAR NO. 15831, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff Lawrence Walker sues Chicago Police Officer Joseph Considine for various alleged constitutional violations stemming from his arrest on January 5, 2012. Officer Considine moves to dismiss three of those claims: Count III (Illinois state law malicious prosecution claim), Count IV (failure to disclose exculpatory evidence), and Count V (failure to investigate). Officer Considine's motion to dismiss [69] is granted in part and denied in part. Because Walker's malicious prosecution claim relates back to his initial complaint, the motion to dismiss Count III is denied. Walker agrees to dismiss Count IV, so Officer Considine's motion is granted as to that claim. Count V is also dismissed because Walker's failure to investigate claim is not separately cognizable under § 1983 and is duplicative of his unlawful detention claim.

## BACKGROUND[1]

On January 5, 2012, someone discharged a firearm in the first floor apartment at 5216 S. Wells Street, Chicago, Illinois. Mr. Walker lived downstairs, in the basement apartment. Mr. Walker was not the owner of the firearm and did not fire the weapon.

---

[1] The facts in the background section are taken from Walker's Third Amended Complaint and are presumed true for the purpose of resolving Officer Considine's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Officer Considine and Officer Alaniz responded to the 5216 S. Wells first floor apartment in response to a call of shots fired. Walker and Alease Robinson were present in the first floor apartment. Before questioning either Walker or Ms. Robinson, the officers placed Walker in handcuffs in the back seat of a patrol car. The officers then interviewed Ms. Robinson. Ms. Robinson told the officers that the gunshots were fired by her ex-boyfriend, Michael Mitchell, who had fled the scene. Despite this information, the officers arrested Walker for aggravated assault with a firearm and unlawful use of a firearm.

Prior to trial, those charges were dropped and Walker was charged as an armed habitual criminal. Walker alleges that at the trial on September 26, 2012, Officer Considine did not testify truthfully that Ms. Robinson told him the gunshots were fired by her ex-boyfriend, the owner of the gun, and not Walker. Walker was found guilty of the charge of being an armed habitual criminal. On December 17, 2012, on Walker's motion, the court set aside the conviction and dismissed all charges. Walker had been incarcerated since his arrest on January 5, 2012, and alleges various damages, including loss of possessions at his former residence, inability to work, and emotional damages.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.     Count III (Malicious Prosecution)

Walker's Third Amended Complaint contains an Illinois state malicious prosecution claim against Officer Considine. Officer Considine moves to dismiss this claim as time-barred because it was not filed within one year of the incident and does not relate back to Walker's original *pro se* complaint. Specifically, Officer Considine asserts that malicious prosecution requires a finding of malice and no such state of mind is even hinted at in the first complaint.

A plaintiff bringing a state law tort claim against an Illinois governmental entity or employee must do so within the one-year statute of limitations period, even if that claim is joined with a § 1983 claim. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005); 745 ILCS 10/8-101(a). However, under Federal Rule of Civil Procedure 15(c), a plaintiff may amend his or her timely-filed original complaint to add an otherwise time-barred claim, and thereby relate it back to the date of the original complaint, if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. Pro. 15(c)(1)(B).

Walker's initial complaint was filed July 23, 2013, within one year of the December 17, 2012 order setting aside his conviction and thus within the state statute of limitations. *See Zitzka v. Vill. of Westmont*, 743 F. Supp. 2d 887, 926 (N.D. Ill. 2010) ("A cause of action for malicious prosecution does not begin to accrue until the criminal proceeding on which it is based has been

3

terminated in the plaintiff's favor." (quotation marks omitted) (citation omitted)); Doc. 6. Walker's current complaint was filed September 3, 2014.[2] Doc. 64. A district court will allow a claim to "relate back" "where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *See Batiste v. Dart*, No. 10-cv-3437, 2011 WL 4962945, at *4 (N.D. Ill. Oct. 19, 2011) (quoting *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996) (quotations omitted)).

Walker's malicious prosecution claim arises from the same core of facts related to his arrest as his initially filed "Statement of Claim." In the initial complaint Walker asserted that Ms. Robinson:

> also denied the words attributed to her from Office Considine's testimony [at trial] and written report[,] stating she never told the police the gun belong to me and that I shot at her[,] that in fact she stated to the officers that her ex-boyfriend Micheal [*sic*] Mitchell brought the gun to her home[,] discharged it[,] and fled while she called police. At preliminary hearing as well [as] at trial Officer Considine acknowledges Alease Robinson told him initially of a different male suspect . . . . Either Officer Considine choose [*sic*] to ignore Ms. Robinson's statement about Michael Mitchell or misunderstood Ms. Robinson's statement about who possessed the firearm and shot at Ms. Robinson.

Doc. 6 at 4–5. This narrative of Officer Considine's deliberately ignoring or misunderstanding Ms. Robinson's identification of a different shooter, and then falsifying his written report and testifying falsely at trial, contains the same facts as those alleged in the new malicious prosecution claim. *See* Doc. 64 ¶¶ 58–59 ("Defendant Considine . . . failed to inform prosecutors

---

[2] On August 14, 2013, Walker, still *pro se*, submitted a document entitled "Amended Claim" to Judge Pallmeyer, who was previously assigned this case. Doc. 12. Judge Pallmeyer struck that filing as an improper attempt to amend the complaint and instructed Walker to submit a proposed amended complaint if he wished to add new claims or parties. Doc. 15. This attempted filing, which does contain allegations of malicious prosecution, never became the operative complaint. And Judge Pallmeyer did not, in striking this filing, make any ruling on the adequacy of its pleading. Therefore, the Court does not consider Walker's "Amended Claim" for any purpose here.

4

that [he] lacked probable cause to arrest Plaintiff [and] failed to inform prosecutors that Alease Robinson had identified a third-party as the person who committed the offense. Defendant's failure to disclose this evidence violated the constitutional rights of Plaintiff."). Officer Considine's argument that he lacked notice of this potential claim is undermined by the fact that Walker has not added new facts or substantive allegations. Rather Walker's appointed lawyers have applied a new legal theory, malicious prosecution, to the wrongful arrest and detention facts initially pled.

Officer Considine is correct that this new state law claim will require Walker to prove malice. *See Logan v. Caterpillar, Inc.*, 246 F.3d 912, 921–22 (7th Cir. 2001). However, reading the Complaint in the light most favorable to Walker, and taking into consideration his initial *pro se* status as we must, *see Bryant v. Gen. Packaging Prods., Inc.*, 473 F. Supp. 2d 853, 857–58 (N.D. Ill. 2006) (reading initial *pro se* complaint liberally and finding amended complaint related back), the Court finds the facts as initially pled could support a plausible claim that Officer Considine intentionally ignored Ms. Robinson's testimony at the scene and lied about that testimony in his written report and at trial. *See Zitzka*, 743 F. Supp. 2d at 928 (malice may be found if the "officers committed some improper act after they arrested [plaintiffs] without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence.") (quotation marks omitted) (citation omitted) (alteration in original).

Because the Court finds Walker's malicious prosecution claim relates back to his initial complaint, Officer Considine's motion to dismiss Count III is denied.

## II. Count IV (Failure to Disclose Exculpatory Evidence)

Walker has agreed to voluntarily dismiss Count IV. Doc. 73 at 2. Therefore, Count IV is dismissed with prejudice.

## III. Count V (Failure to Investigate)

Walker brings a claim alleging Officer Considine "deliberately, recklessly or with deliberate indifference, failed to investigate leads that would have corroborated Plaintiff's innocence and/or led to the real perpetrator." Doc. 64 ¶ 62. Officer Considine moves to dismiss this claim on the ground that failure to investigate is not a separate claim cognizable under § 1983. Because failure to investigate is not a separate constitutional tort, and this claim, even if understood as a due process claim, is duplicative of Walker's unlawful detention claim, this count is dismissed.

Section 1983 allows an individual to sue any person who subjects or causes him to be subjected to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. False arrest and detention in violation of due process are two such § 1983 claims. *See Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 435 (7th Cir. 1986) (false arrest); *Johnson v. City of Chicago*, 711 F. Supp. 1465, 1470 (N.D. Ill. 1989) (unlawful detention). However, the police "have no constitutional duty to keep investigating a crime" once probable cause to arrest has been established. *See Kompare v. Stein*, 801 F.2d 883, 890 (7th Cir. 1986); *see also Gramenos*, 797 F.2d at 439 ("The question is whether [the police] have reasonable grounds on which to act, not whether it was reasonable to conduct a further investigation.").

Officer Considine argues that while failure to investigate is sometimes considered as part of a due process claim, it is not a claim in its own right. *Johnson v. City of Chicago*, relied on by

Walker, clearly supports this proposition. There, the court determined that, "[c]onsistent with case law interpreting due process claims under § 1983," "a prolonged detention, coupled with the failure to investigate a claim of mistaken identification, may suggest a deprivation of liberty without due process." 711 F. Supp. at 1470. In fact, *Johnson* explains that neither the Seventh Circuit nor the Supreme Court have been "very hospitable" to § 1983 claims based on mistaken identification, but in that circumstance a failure to investigate an alleged mistaken identity may present a viable due process claim.[3] *Id.* at 1469–70.

Walker's complaint pleads failure to investigate as its own count; however, Walker's response now frames this as a due process detention claim. *See* Doc. 73 at 9 ("Defendant's constitutional violation is detaining Plaintiff without taking minimal steps to identify evidence that would exonerate Plaintiff."). Although as the Supreme Court has recently reminded us, a complaint should not be dismissed "for imperfect statement of the legal theory supporting the claim asserted," *see Johnson v. City of Shelby, Miss.*, --- S. Ct. ----, 2014 WL 5798626, at *1 (2014) (per curium), Walker already pleads a false imprisonment claim (Count II). Therefore, even if this Court were to understand this as a due process detention claim, it would be based on the same allegations as the false imprisonment claim and should therefore also be dismissed as duplicative. *Compare* Doc. 64 at Count II (False imprisonment) ("Defendant . . . knew or should

---

[3] Indeed, most of the other cases cited by Walker consider a failure to investigate in the context of a due process claim. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.'"); *Griffin v. Sheahan*, No. 98 C. 2398, 1999 WL 417342, at *1 (N.D. Ill. June 16, 1999) (due process claim); *Haynes v. City of Chicago*, No. 95 C 7205, 1996 WL 66142, at *2 (N.D. Ill. Feb. 13, 1996) (same); *Hernandez v. Sheahan*, No. 93 C 1668, 1993 WL 257486, at *4 (N.D. Ill. July 8, 1993) (detention after failing to investigate repeated protests of innocence sufficiently stated due process claim). The other cases cited by Walker discuss failure to investigate in the context of a false arrest claim. *See Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 745–46 (7th Cir. 2003) (officer acted reasonably in relying on victim's statements to arrest); *BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986) (failure to properly investigate before arrest). But none of these cases establish failure to investigate as a stand-alone § 1983 claim.

have known that Plaintiff had not committed the offense and all further detainment and confinement was unlawful."), *with id.* at Count V (Failure to Investigate) ("Defendant . . . knew or should have known that a third-party, and not Plaintiff, had committed the offense."); *see also Barrow v. Blouin*, --- F. Supp. 2d ----, 2014 WL 1856835, at *2 (N.D. Ill. 2014) ("Courts have authority to dismiss duplicative claims if they allege the same facts and the same injury.").

Officer Considine's motion to dismiss Count V (failure to investigate) is granted.

## CONCLUSION

For the foregoing reasons, Officer Considine's motion to dismiss [69] is granted in part and denied in part. Officer Considine's motion is denied as to Count III. Counts IV and V are dismissed with prejudice.

Dated: December 3, 2014

_____
SARA L. ELLIS
United States District Judge